UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW VALLES,

                Plaintiff,

-against-

ATTORNEY GENERAL OF THE UNITED STATES (S.D.N.Y.); ATTORNEY GENERAL OF THE STATE OF CALIFORNIA (S.D. CAL.); ATTORNEY GENERAL OF THE STATE OF UTAH (D. UT.),

                Defendants.

1:22-CV-7870 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Andrew Valles, who is currently incarcerated in the California Institution for Men ("CIM"), in Chino, California, filed this *pro se* action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and seeks injunctive relief. He sues the Attorneys General of the United States and of the States of California and Utah, in their respective official capacities. Plaintiff appears to challenge the constitutionality of his alleged retroactive designation under federal law, and his alleged requirement to register under federal law, as a sex offender. The Court construes Plaintiff's complaint as asserting additional or alternative claims under the Administrative Procedure Act ("APA"). For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), claims under Section 1983 and *Bivens* may be brought in

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(e), claims under the APA may be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff does not allege that any of the defendants resides in this judicial district[1] or, for that matter, anywhere within New York State. He does allege, however, that the events giving rise to his claims occurred in Utah, in July 2006; in New York, between August 2019 and December 2019; and in the CIM, in Chino, California, in March 2020. (ECF 2, at 4-5.) He also alleges that these events will occur again, at the CIM. (*See id.* at 5.) Plaintiff, who is currently incarcerated in the CIM, further alleges that he "is a native-born person of the State of California; a (prior and returning) resident of the City of New York, in New York State [sic]." (*Id.* at 13.)

Because Plaintiff alleges no facts showing that any defendant resides in New York State, let alone, in this judicial district, he has alleged nothing to suggest that, under Section 1391(b)(1), this court is proper venue for his clams under Section 1983 or *Bivens*, or that under Section 1391(e)(1)(A), that this court is a proper venue for his claims under the APA. As he

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

alleges that the events giving rise to his claims occurred in New York[2], Utah, and in the CIM, in Chino, California, however, this court, as well as the United States District Courts for the Districts of Utah and the Central District of California[3], all appear to be proper venues for all of Plaintiff's claims in this action. *See* 28 U.S.C. §§ 84(c)(1), 125, 1391(b)(2), (e)(1)(B). In addition, because Plaintiff seems to allege that he is a resident of New York City, and because this action does not involve real property, this court may be a proper venue for Plaintiff's claims under the APA. *See* 28 U.S.C. §§ 112(b), 1391(e)(1)(C).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

---

[2] The Court assumes, for the purposes of this order, that Plaintiff's reference to "New York" is to the New York City Borough of Manhattan, in New York County.

[3] The CIM is located in Chino, San Bernadino County, California, which lies within the Central District of California. *See* 28 U.S.C. § 84(c)(1).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff alleges that the events giving rise to his claims (his alleged retroactive designation as a sex offender and the alleged requirement for him to register as a sex offender, both under federal law) occurred, at the latest, in March 2020, and will occur again, at the CIM, where he is currently incarcerated, and which lies within the Central District of California. In addition, it is likely that relevant documents will be located in that judicial district. Thus, it appears that the United States District Court for the Central District of California is a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 19, 2022
         New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge